UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE SMALL,

    Plaintiff,

v.                                   CASE #

RELIANCE STANDARD
LIFE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, JACQUELINE SMALL (SMALL), sues Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY (RELIANCE), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3. RELIANCE is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. SMALL was at all relevant times employed by Bath & Body Works, Inc. (Bath & Body Works) at a location in Wheaton, Maryland.

5. SMALL moved to this District approximately in 2005.

6. Since 2005, RELIANCE has sent SMALL correspondence, including her benefits and termination letter to her address in this district.

7. Bath & Body Works is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

8. At all relevant times, SMALL is and/or was a participant in the Plan incident to her employment.

9. At all relevant times, RELIANCE is and or was a corporation licensed to transact business in Florida engaged in business within this District.

10. Venue is proper within this District.

**Standard of Review Applicable to this ERISA Action**

11. Bath & Body Works funded its Plan by purchasing a group policy of insurance (Policy # Group LTD 990001) issued by RELIANCE.

12. RELIANCE made benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim.

13. The Plan's terms do not grant discretionary authority to RELIANCE. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to RELIANCE.

14. The Long Term Disability group policy was drafted in its entirety by RELIANCE.

15. The Long Term Disability group policy is a contract of adhesion.

16. Bath & Body Works and RELIANCE use the group insurance policy issued by RELIANCE as both the Plan document and policy language.

17. No other plan documents exist other than the group insurance policy.

18. No originating plan document exists that instituted the Plan.

19. No originating plan document or other document exists in which RELIANCE reserved any discretionary authority to itself in relation to the Plan.

20. The employees or agents of Bath & Body Works and RELIANCE did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from Bath & Body Works to RELIANCE.

21. At the inception of the Plan, Bath & Body Works did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

22. At the time it purchased the Long Term Disability group insurance policy from RELIANCE, Bath & Body Works did not have any discretionary authority which it could delegate to an insurance company.

23. There is no mention of any delegation of discretion to RELIANCE within the four corners of the Long Term Disability group insurance policy which funds the Plan.

24. RELIANCE was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

a) Bath & Body Works never had the authority to delegate discretion to RELIANCE following the inception of its disability plan;

b) Discretionary authority is a material concept that Bath & Body Works never discussed or negotiated with RELIANCE;

c) The Long Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had the power to delegate discretion, Bath & Body Works did not properly delegate discretionary authority over claims decisions to RELIANCE.

25. De novo review applies to this action.

26. To the extent that this court determines that de novo review does not apply to this action, RELIANCE pays claims from its own

general assets as the claims decision maker and funder of the group insurance policy, and RELIANCE operates under a conflict of interest.

27.   RELIANCE is the Plan's claims administrator; handling claims under the insurance policy.

28.   Any claims paid under the Long Term Group Insurance Policy, are paid by RELIANCE entirely from RELIANCE's assets.

29.   No assets of Bath & Body Works are used to pay claims under the Long Term Disability group insurance policy.

**Claim for Disability Benefits Under the Plan**

30.   SMALL stopped working on July 16, 2004 because of the following medical conditions: Interstitial Cystitis, Addison's Disease, thin base membrane disease, chronic kidney disease, chronic kidney infections, chronic bladder pain, chronic fatigue, and Celiac Disease.

31.   At all relevant times, a Plan participant is and was eligible to receive Long Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

> "Total Disability" means that a Participant:
>
> (a) Is under the regular care of a Physician; and
> (b) As a result of an Illness/Injury having an Onset Date while the Participant;
> (i)  During the twelve (12) months immediately following the Benefit Commencement Date, the Participant is unable to perform any and every duty related to the Participants regular

          occupation in which he or she was engaged immediately prior to the occurrence of the Illness/Injury;

  (ii)    thereafter, the Participant cannot work at any gainful occupation for which the Participant is reasonably qualified, or could become qualified, by education, experience or training.

32. SMALL applied for Long Term Disability benefits under the Plan.

33. RELIANCE approved SMALL's claim for Long Term Disability benefits payable starting August 15, 2004.

34. RELIANCE terminated SMALL's Long Term Disability Benefits on April 23, 2022.

35. The basis for RELIANCE's initial denial was that SMALL did not meet the Plan's definition of disability because RELIANCE claimed its clinical staff determined SMALL's ongoing treatment of her chronic conditions does not support the severity of that would preclude SMALL from working in her noted capacity.

36. SMALL submitted a timely appeal of the denial of benefits to RELIANCE on October 4, 2022.

37. At all relevant times, SMALL met the terms of the Plan's definition of "disabled."

38. The combination of SMALL's chronic conditions would make her an unreliable employee, making her unable to keep employment of any kind.

39. On June 5, 2022, SMALL's primary care physician, Florenda Fortner, M.D., wrote a letter the explaining the multiple chronic conditions that impair SMALL's ability to work. In Dr. Fortner's professional opinion, SMALL's chronic pain alone renders her unable to work.

40. Similarly, on August 15, 2022, certified Urologist, Richard Rabinowitz, M.D., wrote a letter explaining the current management SMALL's interstitial cystitis. Dr. Rabinowitz explained that SMALL's interstitial cystitis forces SMALL to use the restroom frequently and causes her severe pain in doing so. According to Dr. Rabinowitz, SMALL's only option to manage this condition is an annual hydrodistension which can only provide mild, temporary relief of SMALL's symptoms.

41. SMALL's treating providers have not issued a release to return to work.

42. SMALL's appeal included a detailed opinion from a vocational rehabilitation specialist explaining why SMALL is unemployable.

43. On October 28, 2022, RELIANCE sent a letter requesting SMALL to undergo an independent medical examination to help RELIANCE make a decision.

44. On November 9, 2022, SMALL replied to RELIANCE's letter dated October 28, 2022, agreeing to the independent medical examination, and stating that she will have the examination videotaped as long as it could be video recorded.

45. On November 21, 2022, SMALL was sent a letter confirming an independent medical examination with Leonard Cosmo, M.D. at Pulmonary Associates of Tampa for December 12, 2022.

46. On December 12, 2022, SMALL arrived at Pulmonary Associated of Tampa with her father, Robert Small, and videographer to video record her examination.

47. On that same day, Dr. Cosmo, the doctor selected by RELIANCE (or its vendor) refused to examine because he would not permit a videographer to attend and stated that he would not be allowed at her next appointment.

48. As of the date this Complaint was filed, RELIANCE has not issued a decision.

49. RELIANCE had 45 days to decide SMALL's appeal pursuant to 29 C.F.R. §2560.503-1.

50. More than 45 days have passed since SMALL filed her appeal on October 5, 2022.

51. RELIANCE failed to establish or follow claims procedures consistent with the requirements of 29 C.F.R. §2560.503-1.

52. By operation of law, specifically 29 C.F.R. §2560.503-1(l), SMALL shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under 29 U.S.C. §1132 (a)(ERISA § 502(a)) due to RELIANCE's failure to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

53. RELIANCE has refused to pay the benefits sought by SMALL and as grounds for such refusal has alleged that Plaintiff does not meet the definition of disability in the Plan.

54. With respect to all claims made herein, SMALL has exhausted all administrative/pre-suit remedies.

55. SMALL is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability from April 23, 2022, through the date of filing this action.

56. SMALL's gross plan benefit is $2,397.99 per month.

57. There are 9.5 months of past-due monthly benefit payments owed through the date of filing this action.

58. RELIANCE has deprived SMALL of the aggregate sum of $22,780.91

59. Plaintiff is entitled to benefits herein because:

   a. The benefits are permitted under the Plan.

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits.

    c. Plaintiff has not waived or relinquished entitlement to the benefit.

60.    Each monthly benefit payment owed is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

61.    Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), SMALL is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to her for her services.

WHEREFORE, the Plaintiff, JACQUELINE SMALL, asks this Court to enter judgment against the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, a foreign corporation, finding that:

(1)    The Plaintiff is entitled to Long Term Disability benefits from April 23, 2022, through the filing of this lawsuit; and

(2)    The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from April 23, 2022, to the date of filing this lawsuit total of $22,780.91 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(3)    The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(4) For such other and further relief as this Court deems just and proper, including but not limited to:

a. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

b. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

c. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

Signed this 8th day of February 2023.

/s/ John v. Tucker
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER DISABILITY LAW, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
tucker@tuckerdisability.com
*Lead Attorney and Lead Counsel for the Plaintiff, Jacqueline Small*